IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TYSON KYLE PRIM, #A5006026, | ) ) ) | CIV. NO. 15-00325 HG-BMK |
| Plaintiff, | ) ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) |
| vs. | ) ) | |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, MONICA PULE, UEDOI AN, WENDELL YODA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1)

Before the court is pro se Plaintiff Tyson Kyle Prim's First Amended Complaint ("FAC"). Doc. No. 9. Plaintiff names the State of Hawaii, the Department of Public Safety ("DPS"), and Oahu Community Correctional Center ("OCCC") Case Manager Monica Pule, Unit Manager Uedoi An, and "CBA" Wendell Yoda as Defendants in their individual and official capacities.[1]

---

[1] Plaintiff is incarcerated at the Saguaro Correctional Center ("SCC"), although he was housed at the Halawa Correctional Facility ("HCF") when he commenced this action, and at OCCC when the events at issue allegedly occurred.

Plaintiff alleges Defendants violated his constitutional rights to due process under the Fourteenth Amendment when they administered a drug test, held disciplinary proceedings thereafter, and then failed to provide him a "tort claim" form.

The FAC is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim.

## I.   BACKGROUND

On October 9, 2015, the court screened and dismissed Plaintiff's original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).  Order, Doc. No. 6. The October 9, 2015 Order dismissed (1) the State of Hawaii and the DPS with prejudice as immune from suit; (2) the Complaint in full for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure's pleading requirements; and (3) Plaintiff's only discernible claim: that Defendants Pule, An, and Yoda violated his rights to due process during a disciplinary hearing.

*Id.*, PageID #31-35.  The court granted Plaintiff leave to amend.  On October 30, 2015, Plaintiff filed the FAC.

Plaintiff now explains that on or about midnight, February 23, 2015, Adult Correctional Officer ("ACO") Handy collected Plaintiff's urine sample, but failed to wear gloves or seal the sample in Plaintiff's presence, violating the DPS Policies and Procedures ("P&P") Inmate/Detainee Drug Detection Program, P&P COR. 08.10 (eff. Nov. 28, 2014).[2]  FAC, Doc. No. 9, PageID #59 (Count III).

On February 24, 2015, Plaintiff received a Notice of Misconduct and Hearing.  *Id.*, PageID #57 (Count I). Plaintiff complains that his urinalysis results incorrectly show that Sgt. Tavai was the urine sample collector and witness, not Handy.[3]  At some point, Plaintiff asked Defendants to check the video monitor to prove this discrepancy, but does not detail when and to

---

[2] *See* http://dps.hawaii.gov/policies-and-procedures.

[3] Neither Handy nor Tavai are named as Defendants.

3

whom he made this request.  *Id.*, PageID #59 (Count III).

On March 26, 2015, Plaintiff requested assistance from an unidentified case manager regarding the Notice's "written statement of evidence."  *Id.*, PageID #57 (Count I).  Plaintiff states, "[d]id not receive "Grivence [sic] #275067," from which the court infers that he filed and received no response to Grievance #275067. *Id.*

On April 6, 2015, Plaintiff submitted Grievance #275025, complaining that prison officials failed to hold his disciplinary hearing within thirty days after he received notice of the charges.  *Id.*

On May 1, 2015, Plaintiff was found guilty of the charges at a disciplinary hearing.  *Id.* Plaintiff does not identify the hearing officers or set forth any other facts regarding the hearing, except to complain that he should have been reclassified after the hearing.

On May 4, 2015, Plaintiff asked Defendant Pule for a "tort claim," apparently to complain about unidentified

4

lost property, but received no response. *Id.*, PageID #58 (Count II).  Plaintiff does not define what he means by "tort claim," but because he says he filed at least three grievances, the court infers that "tort claim" refers to a civil complaint form.

On June 8, 2015, Plaintiff again asked Pule for a "tort claim," but received no response. *Id.*

On June 29, 2015, Plaintiff was reclassified. *Id.*, PageID #57 (Count I).

On July 6, 2015, Plaintiff asked Defendant Yoda for a "tort claim," but received no response. *Id.*, PageID #58 (Count II).

On August 13, 2015, Plaintiff commenced this civil rights action after his transfer from OCCC to HCF.

On September 1, 2015, Plaintiff asked HCF case manager "Frances," for a "tort claim."  Frances replied they had no forms, but he would provide Plaintiff a copy when the prison received more.

On October 1, 2015, Plaintiff was transferred to Arizona.  He complains that he still had not received a "tort claim." *Id.*

Plaintiff broadly alleges that Defendants Pule, An, and Yoda's actions resulted in a loss of his liberty, employment, property, health, and parole consideration. He seeks an order requiring the State to waive its immunity, overturning his disciplinary proceedings result, and awarding damages.

## II. <u>STATUTORY SCREENING</u>

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees. *See* 28 U.S.C. §§ 1915(b)(2) and 1915(A)(a).  The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915(b)(2) and 1915A(b).

6

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## III.   <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

7

Section 1983 requires an actual connection between a defendant's actions and a plaintiff's allegations. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). That is, to state a claim for relief under § 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

## A. Immunities

The court cannot order the State of Hawaii or the Hawaii Department of Public Safety to waive Eleventh Amendment immunity and they remain DISMISSED with prejudice. *See Wilbur v. Locke*, 423 F.3d 1101, 1111

(9th Cir. 2005).  This does not affect Plaintiff's claims for injunctive relief or damages against Pule, An, and Yoda.

## B.  Federal Rule of Civil Procedure 8(a)

Under Rule 8, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.*  At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

### 1.  *Defendant An*

Plaintiff provides no facts detailing Defendant An's connection to his claims.  Plaintiff fails to explain

what An personally did to violate his rights or to set forth facts that connect her to his allegations. Without such facts, An is unable to defend against Plaintiff's claims and the court cannot infer that An violated Plaintiff's civil rights.

### 2. "Tort Claim"

Plaintiff fails to define what he means by "tort claim." If Plaintiff is claiming that Defendants Pule and Yoda's alleged failure to provide him with a "tort claim," hindered his ability to grieve his underlying claims, he fails to state a claim. Prisoners have no constitutional right to a grievance procedure, thus, they have no right to grievance forms. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding there is no liberty interest in processing grievance appeals because there is no entitlement to a specific grievance procedure). Moreover, Plaintiff asserts that he filed at least three grievances; the alleged denial of

grievance forms did not prevent him from filing grievances.

Plaintiff may use an alleged denial of grievance forms to defeat a defendant's affirmative defense alleging his failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e; *see also Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."). The denial of grievance forms does not, however, violate federal law.

If Plaintiff is alleging that Pule and Yoda failed to provide him with a civil tort complaint form to challenge the alleged loss of his unidentified property in court, he similarly fails to state a claim. Defendants' alleged failure to supply Plaintiff with a civil complaint form did not impede his ability to file the present action and he does not explain why he required a form complaint to raise his claims in this court or in the state court if he desired.

11

### 3. *ACO Handy and Sgt. Tavai*

Plaintiff does not name ACO Handy or Sgt. Tavai as Defendants.  Moreover, he alleges only that Handy and Tavai violated DPS P&P COR.08.10.  A violation of state prison procedures does not state a claim under § 1983.

Additionally, DPS P&P COR.08.10 does not require that Handy wear gloves when handling a urine specimen, or that *prison staff* seal the container.  Rather, after prison personnel date and code the empty specimen container in the inmate's presence, they are only required to "observe the inmate urinating into the container," and then "ensure that the *inmate/defendant* properly sealed their container with tamper proof tape." COR.08.10.6.3.a.8.

Prison staff must note the date, inmate's name, and identification number on the Urinalysis Test Record/Chain of Custody Form, and the inmate must sign that document to acknowledge that the container was sealed and coded in his presence.  Cor.08.10.6.3.a.8. Anyone accessing the specimen container thereafter must

sign and date the Chain of Custody Form, and the Form must show who collected the specimen and who performed the actual test.  Cor.08.10.6.3.b.1-2.  Plaintiff does not explain if he signed this document or sealed his own urine sample.  He simply alleges that it was taken away unsealed and the paperwork later showed that Tavai, not Handy, collected and witnessed the sample.  Without more details, this fails to state a claim against Handy and Tavai.

## C.  Due Process

Plaintiff alleges that Pule, An, and Yoda violated his due process rights under the Fourteenth Amendment, resulting in the loss of his job, property, parole consideration, and housing at OCCC.[4]

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the

---

[4] Plaintiff also alleges a loss of his "freedom."  If Plaintiff is challenging the fact or duration of his custody, however, he must bring such claims in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted).  Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87).  If an inmate has a protected liberty interest or "[i]f the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

The procedures required before a prisoner may be deprived of a protected liberty interest or made to endure a significant, atypical hardship include: (1)

14

written notice of charges at least 24 hours before the
disciplinary hearing; (2) a written statement by the
factfinder of the evidence relied on and reasons for the
disciplinary action; (3) the right to call witnesses and
present documentary evidence if doing so will not
jeopardize institutional safety or correctional goals;
(4) the right to appear before an impartial body; and
(5) assistance from fellow inmates or prison staff in
complex cases.  *Wolff v. McDonnell*, 418 U.S. 539, 563-72
(1974).

### 1. *Insufficient Facts Tying Pule, An, and Yoda to Any Deprivation*

Plaintiff provides no facts tying Pule, An, or Yoda
to his disciplinary hearing.  The actions he alleges
against them all occurred *after* he was drug tested and
found guilty.  He does not allege they comprised the
disciplinary adjustment committee that found him guilty.
He does not allege that they are responsible for his
reclassification, loss of employment, or transfer to
either HCF or SCC.  Thus, Plaintiff provides no facts

tying An, Pule, and Yoda to the deprivations about which he complains.

### 2.   *No Liberty or Property Interest Shown*

Plaintiff has no liberty interest in speedy reclassification after a disciplinary hearing, or in any particular custody classification status. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Similarly, Plaintiff has no liberty interest in avoiding transfer to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).

Plaintiff has no liberty interest in early release or consideration for parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-11 (1979); *Neal v. Shimoda*, 905 F. Supp. 813, 818 (D. Haw. 1995) (holding Hawaii prison regulations and parole policies create no state-created liberty interest in

parole), *rev'd in part on other grounds*, 131 F.3d 818 (9th Cir. 1997).

Finally, Plaintiff has no liberty or property interest in prison employment, or in keeping a particular prison job. *See Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 845 (9th Cir. 1985); *see also Hewitt v. Helms*, 459 U.S. 460, 467 n.4 (1983) (noting that although inmate alleged "severe hardships," such as the "denial of access to vocational, educational, recreational, and rehabilitative programs," but holding no liberty interest was created).

The unauthorized negligent or intentional deprivation of property by prison officials does not state a cognizable cause of action under § 1983 if the prisoner has an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-544 (1981). In Hawaii, public employees are liable for torts in the same manner and to the same extent as a private individual would be in like circumstances. *See* Haw. Rev. Stat. § 662-2.

17

Plaintiff has an adequate state remedy for his alleged loss of unidentified property.  He does not explain why he was unable to raise this claim in the state court with or without a "tort form," when he was able to commence *this* suit within months of his disciplinary hearing and the alleged deprivation of property.

### 3.   *No Atypical or Significant Hardship Alleged*

Plaintiff also fails to explain how his reclassification, loss of a job or unidentified property, transfer to Arizona, or delayed parole consideration impose atypical or significant hardship as compared to the ordinary incidents of prison life.  That is, he does not compare his current confinement with those in SCC's administrative segregation and protective custody housing, or submit facts showing that the conditions and degree of his restraint is atypical or significant.  He does not assert that his discipline has affected the duration of his sentence.

### 4.   *Disciplinary Hearing Procedures Were Sufficient*

Even if Plaintiff alleged a liberty interest, he alleges insufficient facts showing that Pule, An, Yoda, or other prison officials denied him constitutionally adequate procedures. Plaintiff admits that he received notice of his charges more than a month before the hearing and a "Written Statement of the Evidence," that he disputed. *See* Am. Compl., Doc. No. 9, PageID #57. Plaintiff is clearly literate and not entitled to legal assistance. Plaintiff does not identify the hearing officers, allege that Pule, An, or Yoda had any connection to the hearing, or allege facts showing that anyone was biased against him. Although Plaintiff claims that he was denied a video tape that would show that Handy collected his urine sample, not Tavai, he does not explain the significance of this allegation, or set forth enough facts to show he was denied this alleged evidence without justification. Plaintiff fails to state a claim for the deprivation of due process at his disciplinary hearing or after and his claims are DISMISSED.

19

## IV. <u>LEAVE TO AMEND</u>

Plaintiff is granted a **final opportunity** to amend his claims within thirty [30] days of the date of this order, on or before **January 6, 2016.**  The amended complaint must cure the deficiencies noted above and demonstrate how Defendants' personal actions violated Plaintiff's federal constitutional or statutory rights. Each claim and the involvement of each defendant must be sufficiently alleged.

An amended complaint generally supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)). Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 ("[C]laims dismissed with prejudice [need not] be repled in a[n] amended complaint to preserve them for appeal . . . [but] claims [that

20

are] voluntarily dismissed [are] . . . waived if not repled.").

## V. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the court shall enter judgment against him with prejudice for failure to state a claim.  Such dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  *Coleman v. Tollefson*, --- U.S. ----, ----, 135 S. Ct. 1759, 1764 (2015); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)").

## VI.  CONCLUSION

(1) The First Amended Complaint is DISMISSED for failure to state a claim as detailed above.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED a **final opportunity** to file an amended complaint curing the deficiencies noted above within thirty [30] days of this order, on or before **January 6, 2016.** Failure to timely amend and correct the pleading deficiencies SHALL result in entry of judgment dismissing this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

(3) The Clerk is DIRECTED to mail Plaintiff a prisoner civil rights complaint form so he can comply with the directions in this Order.

        IT IS SO ORDERED.
        Dated: December 14, 2015, Honolulu, Hawaii.



        /s/ Helen Gillmor

        Helen Gillmor
        United States District Judge

*Prim v. Hawaii*, 1:15-cv-00325 HG-BMK; scrg 2015 Prim 15-325 HG (FAC dsmftscDP);