IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TYSON KYLE PRIM, #A5006026, | ) CIV. NO. 15-00325 HG-BMK ) ) ORDER DISMISSING ACTION |
| Plaintiff, | ) PURSUANT TO 28 U.S.C. ) §§ 1915(e)(2) & |
| vs. | ) 1915A(b)(1) ) |
| STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, MONICA PULE, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C.
§§ 1915(e)(2) & 1915A(b)(1)**

Before the court is pro se Plaintiff Tyson Kyle Prim's Second Amended Complaint ("SAC"). Doc. No. 12. Plaintiff names the Hawaii Department of Public Safety ("DPS"), and Oahu Community Correctional Center ("OCCC") Case Manager and Adjustment Committee Member Monica Pule as Defendants, in their individual and official capacities.[1]

---

[1] Plaintiff is incarcerated at the Saguaro Correctional Center ("SCC"). He was housed at OCCC when the events at issue allegedly occurred and at the Halawa Correctional Facility ("Halawa") when he commenced this action.

Plaintiff alleges DPS and Pule violated his constitutional rights to due process pursuant to a disciplinary proceeding that resulted in his transfer to a higher security prison.  Plaintiff also complains that Pule's failure to provide him with a prison tort claim form, required to challenge the loss of property, violated his constitutional rights.

The SAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim.  Because Plaintiff has had three opportunities to correct the deficiencies his claims and is unable to do so, this dismissal is with prejudice.  The Clerk is DIRECTED to terminate this action.

## I.   BACKGROUND

On October 9, 2015, the court screened and dismissed Plaintiff's original Complaint.  Order, Doc. No. 6.  The October 9, 2015 Order dismissed (1) the State of Hawaii and the DPS with prejudice as immune from suit; (2) the Complaint in full for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure's pleading requirements; and (3) Plaintiff's

claim that Defendants violated his rights to due process during a disciplinary hearing following a positive drug test, for failure to state a cognizable claim. *Id.*, PageID #31-35. The court granted leave to amend.

On October 30, 2015, Plaintiff filed a first amended complaint ("FAC"). Doc. No. 10. Although Plaintiff provided additional details, he still failed to allege facts that would allow the court to infer that any Defendant had violated his constitutional rights to due process. In short, Plaintiff alleged no protected liberty interest, therefore, he alleged no deprivation of due process.

On December 15, 2015, the court dismissed the FAC for Plaintiff's failure to state a cognizable claim and granted him a final opportunity to amend his claims. Doc. No. 10. Plaintiff was notified that, if he was unable to cure the deficiencies in his claims a third time, this action would be dismissed. *Id.*, PageID #82.

Plaintiff filed the SAC on December 31, 2015. Doc. No. 12. The SAC contains less detail than the FAC, but

is sufficient to allow the court to understand Plaintiff's allegations. Plaintiff states that he was charged with a misconduct on February 24, 2015, for a positive drug urinalysis. Plaintiff asserts that, because he had not used drugs since 2010, someone negligently mishandled or intentionally tampered with his urine sample.

Pule was a member of the Adjustment Committee that found Plaintiff guilty. Plaintiff alleges that Pule failed to "look at the facts of misconduct & made excuses." *Id.*, PageID #90. Plaintiff sets forth no other facts regarding the hearing. Plaintiff was thereafter transferred to Halawa at a higher classification level, and he has now been transferred to SCC in Arizona. He alleges the guilty finding resulted in the loss of his freedom, prison job, and property.

Plaintiff grieved the test results and the Adjustment Committee's guilty decision. He nonetheless claims that Pule and the DPS deprived him "of an opportunity to aggrieve the conditions of my

confinement.  Due to the lack of policies & procedures training."  *Id.*  Plaintiff also claims that Pule failed to provide him with a form he required to challenge the loss of his property during his transfer or segregation.

## II. <u>STATUTORY SCREENING</u>

Federal courts must screen all cases in which prisoners seek redress from a governmental entity, officer, or employee, or seek to proceed without prepayment of the civil filing fees.  *See* 28 U.S.C. §§ 1915(b)(2) and 1915(A)(a).  The court must identify cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at §§ 1915(b)(2) and 1915A(b).

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202,

1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally"). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Section 1983 requires an actual connection between a defendant's actions and a plaintiff's allegations. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). That is, to state a claim for relief under § 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**A.   Immunities**

The Hawaii Department of Public Safety has not waived its Eleventh Amendment immunity and it remains DISMISSED with prejudice. *See Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005).

**B.   Due Process**

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484

(1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). If an inmate has a protected liberty interest or "[i]f the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

The procedures required before a prisoner may be deprived of a protected liberty interest or made to endure a significant, atypical hardship include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the factfinder of the evidence relied on and reasons for the disciplinary action; (3) the right to call

8

witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).

### 1.  *No Free-Standing Liberty Interest Alleged*

Plaintiff complains that Pule's actions violated the Fourteenth Amendment and resulted in the loss of his "property, job & freedom." SAC, Doc. No. 12, PageID #90.  Plaintiff has no liberty interest in (1) his custody classification status, *see Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); (2) avoiding transfer to another prison, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam); (3) early release or consideration for parole, *see Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-11 (1979); *Neal v. Shimoda*, 905 F. Supp. 813, 818 (D. Haw. 1995)

(holding Hawaii prison regulations and parole policies create no state-created liberty interest in parole), *rev'd in part on other grounds*, 131 F.3d 818 (9th Cir. 1997); or (4) prison employment, *see Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 845 (9th Cir. 1985); *see also Hewitt v. Helms*, 459 U.S. 460, 467 n.4 (1983) (noting that inmate alleged "severe hardships," such as "denial of access to vocational, educational, recreational, and rehabilitative programs," but holding no liberty interest was created). Plaintiff therefore alleges no protected liberty or property interest directly under the Constitution.

### 2.  *No State-created Liberty Interest*

Despite having three opportunities to do so, Plaintiff fails to allege facts showing that he has been subjected to "an atypical and significant hardship in relation to the ordinary incidents of prison life" as a result of his Adjustment Committee hearing and resulting discipline. *Ramirez*, 334 F.3d at 860. Plaintiff does not compare the conditions of confinement before and after his disciplinary

10

proceedings. That is, he provides no facts from which the court can infer that his transfer to Halawa or to SCC resulted in atypical and significant hardship. Nor does he allege facts showing that his housing in Halawa or SCC differed significantly from conditions in administrative segregation and protective custody in either prison.

Plaintiff does not allege the duration of his term of discipline, or the degree of restraint it imposed. He makes no claim that the imposed discipline will inevitably affect the duration of his sentence. Plaintiff does not allege facts showing that he endured an atypical or significant hardship as a result of the Adjustment Committee's imposition of discipline.

Plaintiff fails to allege the deprivation of a constitutional or state-created liberty interest. As such, he fails to state a cognizable due process claim and this claim is DISMISSED with prejudice.

### 3.  *No Statement of Deprivation of Process*

Even if Plaintiff had a protected liberty interest, he fails to allege facts showing that he was deprived

of due process. The record shows that Plaintiff received written notice of his charges several months before his hearing and a written statement detailing the evidence (a positive urinalysis) and reasons for the disciplinary action. Plaintiff does not allege that the Adjustment Committee members were biased; he simply claims that Pule (and the other members) ruled against him.

Plaintiff bases his due process claim on his allegation that Officer Handy collected his urine specimen without wearing gloves and failed to seal the sample in Plaintiff's presence. Plaintiff signed the Urinalysis Test Record/Chain of Custody, however, attesting that it was sealed and coded in his presence. *See* SAC, Doc. No. 12, PageID #97. This form shows that Officer Tavai obtained the specimen, sealed it, and performed the initial test. *Id.* Plaintiff does not dispute his own signature, but alleges only that his printed name on the forms is forged. *Id.* Plaintiff does not explain why he signed the form, attesting that

Tavai sealed the container in front of him, if this did not occur.

Plaintiff complains that he asked Pule to review the video surveillance of the urine collection, which he alleges would prove that Officer Handy collected the specimen, not Officer Tavai. Plaintiff does not say he has personally seen this video or knows that it exists. He does not allege that Pule refused to view the video. He does not state that he was barred from raising these questions at the hearing. Rather, he complains that in spite of his allegations that he was drug free, the Adjustment Committee found him guilty. This statement of facts is insufficient to show that he was denied procedural due process at the hearing.

**C.  Deprivation of Property Claim**

Plaintiff claims that Pule failed to provide him with a "tort claim," that he says is required to report the loss of property at the prison. He was told by several prison staff that the forms were unavailable. It is unclear what Plaintiff's claim against Pule entails. To the extent he alleges Pule's failure

impeded his ability to recover his lost property, he fails to state a claim against her.  He does not claim that she took his property, only that she and others told him the forms were out of stock.  Plaintiff does not explain why he cannot simply write or grieve the loss of his property without such a form.

Moreover, the unauthorized negligent or intentional deprivation of property by prison officials does not state a cognizable cause of action under § 1983 if the prisoner has an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-544 (1981).  In Hawaii, public employees are liable for torts in the same manner and to the same extent as a private individual would be in like circumstances.  *See* Haw. Rev. Stat. § 662-2.  Plaintiff has an adequate state remedy for his alleged loss of unidentified property.  This claim is DISMISSED.

## IV. 28 U.S.C. § 1915(g)

Plaintiff is notified that this dismissal constitutes a strike under the "three strikes"

provision set forth in 28 U.S.C. § 1915(g).  *Coleman v. Tollefson*, --- U.S. ----, ----, 135 S. Ct. 1759, 1764 (2015); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (holding "dismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)").

## V.   CONCLUSION

(1) The Second Amended Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Because amendment is futile, this dismissal is with prejudice and without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and terminate this action.  Any pending motions are DENIED.

IT IS SO ORDERED.

Dated: February 2, 2016, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

*Prim v. Hawaii*, 1:15-cv-00325 HG-BMK